United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNY JACKSON,

        Plaintiff,

    v.

NEW UNITED MOTOR MFG. INC., et al.,

        Defendants.
_____/

No. C-10-03906 JCS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE, DENYING MOTION FOR MISCELLANEOUS RELIEF AS MOOT, VACATING CASE MANAGEMENT CONFERENCE, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND [Docket Nos. 2, 6, 7]**

## I. INTRODUCTION

Plaintiff, Kenny Jackson, brings three motions: 1) an Application to Proceed In Forma Pauperis ("IFP Application"); 2) a Motion for Real Time Transcription Computer Aided Device for Deaf Accommodation for Deaf (ADA) ("Motion for Miscellaneous Relief"); and 3) a Motion for Request of People with Disabilities Foundation and Legal Director and Staff Attorney's to Handle and Legally Represent My Case in the Interest of Justice 10-5-2010 Steven Bruce and Jennifer L. Willis ("Motion to Appoint Counsel").

## II. IFP APPLICATION AND § 1915 REVIEW

Plaintiff filed his IFP Application on August 31, 2010. On September 9, 2010, he consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).[1] The Court

---

[1] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendants in order to properly dismiss claims brought in this action because Defendants have not been served, and, as a result, are not a party. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

1

has reviewed the IFP Application and finds that Plaintiff is indigent. Therefore, the IFP Application is GRANTED.

Having granted Plaintiff's Application, the Court reviews his complaint, pursuant to 28 U.S.C. § 1915(e)(2), which requires that the Court dismiss an IFP complaint that fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff's complaint is entitled, "Civil Lawsuit for Fraud; Fraudulent" and states as follows:

> Defendants did Knowingly make or cause False Fraud or Fraudulent material statements or material representation for the purpose of Denying Workers Compensation Benefits to Plaintiff and Denying that Plaintiff was Incompetent with Amnesia Brain Injury Memory Loss Disability when Defendants filed a Fabricated (Fraud, Fraudulent) Complaint and Case # 181142 for Child Molestation to Influence a Tainted Plea while Plaintiff was Incompetent with Amnesia Memory Loss Disabilities on 3/1/1995 and 3/6/1995 and 3/8/1995 and 3/10/1995 see attachment and Defendants did knowingly make and cause Plaintiffs to be Illegally Put In California state Prison System to be Drugged up by Prison officials and Illegally Operated on with Illegal Implants in Brain, Ears, Nose, and Throught to obstruct and corrupt all human assossiation on coming and going and corrupt and obstruct all legal cases and Released with Implants Mater [illegible] of Conscious thoughts and unconscious throughts to manufacter Plaintiff to be a criminal Publcy the Enimy of the State and Nation.

Complaint at 1. The cover sheet filed with the complaint indicates that Plaintiff is asserting a tort claim for "other fraud." It also indicates that both Plaintiff and Defendants are citizens of "this state." The brief description on the cover sheet states as follows: "Defendants Fraudulent material claims Filed on 3/1/1995 on 3/10/1995 for the purpose of Denying Workers Compensation and denying that Plaintiff was [illegible] AMNesia."

The Court is unable to discern any legally cognizable claim in Plaintiff's complaint. Further, to the extent that Plaintiff is asserting a tort claim based on denial of worker's compensation benefits, Plaintiff has not alleged any basis for federal jurisdiction. In addition, the Court notes that the actions complained of appear to have occurred in 1995, indicating that Plaintiff's claims may be untimely. Therefore, the Court DISMISSES Plaintiff's complaint with leave to amend. In his amended complaint, Plaintiff shall identify each claim clearly and legibly and state the specific facts supporting each claim, including facts showing that his claims are timely. In addition, Plaintiff shall identify the bases for federal jurisdiction. If Plaintiff in his amended complaint states a claim upon which relief may be granted, the Court will order service of the complaint on the Defendant(s). In the meantime, the Case Management Conference scheduled for December 10, 2010 is VACATED.

### III. MOTION TO APPOINT COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir.1965). Thus, the Court must find both that Plaintiff qualifies for IFP status and that he meets the "exceptional circumstances" requirement. While Plaintiff qualifies for IFP status, the Court finds that the "exceptional circumstances" requirement is not met. In particular, in light of the fact that Plaintiff has not yet stated cognizable claims or established federal jurisdiction, it is premature to appoint counsel. Therefore, the Court DENIES the request to appoint counsel at this time, without prejudice.  To the extent Plaintiff seeks legal assistance in connection with amending his complaint, the Court notes that the San Francisco Bar Association operates a lawyer referral service which may be helpful in securing pro bono counsel.  Moreover, Plaintiff may wish to seek assistance from the Legal Help Center, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, CA, in Room 2796, where Plaintiff may schedule by telephone a free appointment with an attorney to receive basic legal help, but not legal representation.  The telephone number for the Legal Help Center is (415) 782-9000, extension 8657.

### IV. MOTION FOR MISCELLANEOUS RELIEF

Finally, as to Plaintiff's Motion for Miscellaneous Relief, currently the Court has vacated the December 10, 2010 Case Management Conference and no other hearings are scheduled in this case. Therefore, Plaintiff's request for accommodation under the ADA is moot.  Accordingly that Motion is DENIED.

### V. CONCLUSION

Plaintiff's IFP Application is GRANTED.  Plaintiff's complaint is DISMISSED with leave to amend within 30 days of this Order.  Plaintiff's Motion to Appoint Counsel is DENIED without prejudice. Plaintiff's Motion for Miscellaneous Relief is DENIED as moot.  The case management conference set for December 10, 2010 at 1:30 p.m. is VACATED.

The Clerk is directed to close the file in this case if an amended complaint is not filed within thirty days of the date of this order.

IT IS SO ORDERED.

DATED: November 19, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge